# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ANGELA TESTONI,

      Plaintiff,

v.                                                       Case No. 3:18-cv-842-J-JRK

ANDREW M. SAUL,[1]
Commissioner of Social Security,

      Defendant.
_____

## OPINION AND ORDER[2]

## I. Status

Angela Testoni ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability income benefits ("DIB"). Plaintiff's alleged inability to work is the result of spinal stenosis, bilateral carpal tunnel, sciatica, glaucoma, cataracts, and bunions. See Transcript of Administrative Proceedings (Doc. No. 10; "Tr." or "administrative transcript"), filed September 10, 2018, at 321, 336, 492. Plaintiff filed an application for DIB on April 6, 2015,[3] alleging a disability

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Andrew M. Saul should be substituted for Nancy A. Berryhill as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 9), filed September 10, 2018; Reference Order (Doc. No. 11), entered September 11, 2018.

[3] Although actually completed on April 6, 2015, see Tr. at 441, the protective filing date of the DIB application is listed elsewhere in the administrative transcript as March 20, 2015, see, e.g., Tr. at 321, 336.

onset date of July 1, 2011. Tr. at 441. The application was denied initially, Tr. at 321-33, 334, 335; and upon reconsideration, Tr. at 336-47, 348, 349.

On August 9, 2017, an Administrative Law Judge ("ALJ") held a hearing, during which she heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 43-73. Plaintiff was fifty years old at the time of the hearing. Tr. at 47. The ALJ issued a Decision on September 12, 2017, finding Plaintiff not disabled through the date last insured. Tr. at 22-37.

On November 6, 2017, Plaintiff requested review of the Decision by the Appeals Council. See Tr. at 429, 432-39. The Appeals Council received additional evidence in the form of a brief authored by Plaintiff's counsel. Tr. at 5-6; see Tr. at 432-39 (brief). On May 15, 2018, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On July 5, 2018, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff makes the following argument: "The Decision is not supported by substantial evidence because [certain] limitations are not included in the hypothetical to the VE." Memorandum in Support of Complaint (Doc. No. 14; "Pl.'s Mem."), filed November 8, 2018, at 6 (emphasis and capitalization omitted); see Pl.'s Mem. at 6-9. Specifically, Plaintiff contends that "[i]n her hypothetical to the VE the ALJ never stated that . . . [P]laintiff had moderate limitations with regard to concentration, persistence or pace." Id. at 8. On January 25, 2019, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 17; "Def.'s Mem.") addressing Plaintiff's argument.

After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 24-36. At step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from her alleged onset date of July 1, 2011 through her date last insured of September 30, 2016." Tr. at 24 (emphasis and citation omitted). At step two, the ALJ found that "[t]hrough the date last insured, [Plaintiff] had the following severe impairments:

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

- 3 -

degenerative disc disease, spinal stenosis, sciatica, carpal tunnel syndrome, glaucoma, and cataracts." Tr. at 25 (emphasis and citation omitted). At step three, the ALJ ascertained that "[t]hrough the date last insured, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 25 (emphasis and citation omitted).

The ALJ determined that through the date last insured, Plaintiff had the following residual functional capacity ("RFC"):

> [Plaintiff could] perform light work as defined in 20 [C.F.R. § 404.1567(b), except [Plaintiff could] only occasionally balance, stoop, kneel, crouch, crawl, and reach overhead. She [was] limited to frequent handling and fingering and [was required to] avoid climbing and exposure to workplace hazards. She require[d] the ability to alternate between sitting and standing hourly, with changes in position occurring at a duty station so work duties [could] be performed from either position. [Plaintiff was] limited to simple, routine tasks.

Tr. at 27 (emphasis omitted).

At step four, the ALJ relied on the testimony of the VE and found that "[t]hrough the date last insured, [Plaintiff] was unable to perform any past relevant work." Tr. at 35 (emphasis and citation omitted). At step five, after considering Plaintiff's age ("49 years old . . . on the date last insured"), education ("at least a high school education"), work experience, and RFC, the ALJ again relied on the testimony of the VE and found that "[t]hrough the date last insured, . . . there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed," Tr. at 35 (emphasis and citation omitted), such as "Assembler, Small Products"; Warehouse Checker"; and "Inspector and Packer," Tr. at 36. The ALJ concluded that Plaintiff "was not under a

disability . . . at any time from July 1, 2011, the alleged onset date, through September 30, 2016, the date last insured." Tr. at 37 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

As noted above, Plaintiff takes issue with the hypothetical posed to the VE. The undersigned initially summarizes the parties' arguments and sets out the applicable law. Then, the issue raised by Plaintiff is addressed.

Plaintiff argues the ALJ erred because she found that Plaintiff had moderate limitations in concentration, persistence, or pace, but "[i]n her hypothetical to the VE[,] the ALJ never stated that . . . [P]laintiff had moderate limitations with regard to concentration, persistence or pace." Pl.'s Mem. at 7-8. Plaintiff asserts that "the VE testified that if the person is 'off task' more than ten percent of the time[,] all jobs would be eliminated." Id. at 8; see Tr. at 69-70 (VE testimony). According to Plaintiff, a finding of moderate limitations in concentration, persistence, or pace "is likely to change whether . . . [P]laintiff would now have a severe mental health impairment and whether the person would be 'off task' more than ten percent of the day." Pl.'s Mem. at 9.[5]

---

[5] To the extent Plaintiff may be claiming error in the ALJ not finding a "severe" mental health impairment at step two, any such claim is deemed waived for lack of development. See, e.g., T.R.C. ex rel. Boyd v. Comm'r, 553 F. App'x 914, 919 (11th Cir. 2014) (stating that "[i]ssues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived" (quoting N.L.R.B. v. McClain of Ga., Inc., 138 F.3d 1418, 1422 (11th Cir. 1998))); see also Scheduling Order (Doc. No. 12), entered September 12, 2018 (directing parties to "identify with particularity the grounds upon which the administrative decision is being challenged," advising them that "[a]ny such challenges must be supported by citation to the record of the pertinent facts and by citations of the governing legal standards," and that "[a]ny contention for which these requirements are not met is subject to being disregarded for insufficient development").

In any event, any error in failing to find an impairment severe at step two would be harmless here given that the ALJ found in favor of Plaintiff at step two. In this Circuit, "[e]ven if the ALJ erred in not indicating whether [a condition] was a severe impairment, the error [is] harmless because the ALJ concluded that [the plaintiff] had a severe impairment[ ] and that finding is all that step two requires." Heatly v. Comm'r of Soc. Sec., 382 F. App'x 823, 824-25 (11th Cir. 2010) (citing Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1991)). Moreover, the ALJ explicitly accounted for Plaintiff's "continued complaints of stress" by limiting her to simple, routine tasks. Tr. at 34.

Responding, Defendant argues that Plaintiff "does not point to any evidentiary record supporting that Plaintiff would be off[ ]task more than 10% of the workday or that her limitations in concentration, persistence, or pace result in that specific limitation." Def.'s Mem. at 7-8 (citation omitted). Defendant contends that "the evidence shows [instead that] Plaintiff ha[d] limitations in concentration and attention that limit her to focusing on only simple, routine tasks." Id. at 8 (citation omitted).

An ALJ poses a hypothetical question to a VE as part of his step-five determination of whether the claimant can obtain work in the national economy. See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002). When the ALJ relies on the testimony of a VE, "the key inquiry shifts" from the RFC assessment in the ALJ's written decision to the adequacy of the RFC description contained in the hypothetical posed to the VE. Brunson v. Astrue, 850 F. Supp. 2d 1293, 1303 (M.D. Fla. 2011) (quoting Corbitt v. Astrue, No. 3:07-cv-518-J-HTS, 2008 WL 1776574, at *3 (M.D. Fla. Apr. 17, 2008) (unpublished)).

In determining an individual's RFC and later posing a hypothetical to a VE which includes the RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also 20 C.F.R. § 404.1545(a)(2); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating "the ALJ must consider a claimant's impairments in combination" (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984))). "In order for a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson, 284 F.3d at 1227 (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999)); see also Loveless v.

Massanari, 136 F. Supp. 2d 1245, 1250 (M.D. Ala. 2001). While the hypothetical question must include all of a claimant's impairments, it need not include impairments properly rejected by the ALJ. See McSwain v. Bowen, 814 F.2d 617, 620 n.1 (11th Cir. 1987). Moreover, "questions that 'implicitly account[ ] for the claimant's limitations' are sufficient to meet this requirement." Henry v. Comm'r, Soc. Sec. Admin., 802 F.3d 1264, 1269 (11th Cir. 2015) (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180-81 (11th Cir. 2011)); see also Thornton v. Comm'r, Soc. Sec. Admin., 597 F. App'x 604, 612 (11th Cir. 2015).

In Winschel, the United States Court of Appeals for the Eleventh Circuit found error in an ALJ's decision because the ALJ determined the claimant had "a moderate limitation in maintaining concentration, persistence, and pace" but "did not indicate that medical evidence suggested [the claimant's] ability to work was unaffected by this limitation, nor did he otherwise implicitly account for the limitation in the hypothetical [to the VE]." 631 F.3d at 1181. According to the Eleventh Circuit, "the ALJ should have explicitly included the limitation in his hypothetical question to the [VE]." Id. Nevertheless, the Eleventh Circuit suggested that in other appropriate circumstances, an ALJ may properly find that the medical evidence of record supports only an RFC limitation of unskilled work despite moderate limitations in concentration, persistence, or pace. See id. (citations omitted) (collecting cases finding that "when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations").

Post-Winschel, the Eleventh Circuit (albeit in unpublished opinions) has recognized that a moderate limitation in concentration, persistence and pace can be sufficiently accounted for by posing a hypothetical to a VE that limits an individual to simple, unskilled work (or something similar) when the medical evidence demonstrates an ability to perform such work. See, e.g., Mijenes v. Comm'r of Soc. Sec., 687 F. App'x 842, 846 (11th Cir. 2017) (finding that "[b]ecause the medical evidence showed that [the claimant] could perform simple, routine tasks despite her limitations in concentration, persistence, and pace, the ALJ's limiting of [the claimant's RFC] to unskilled work sufficiently accounted for her moderate difficulties in concentration, persistence, and pace" (citation omitted)); Timmons v. Comm'r of Soc. Sec., 522 F. App'x 897, 907-08 (11th Cir. 2013) (approving of a limitation to "simple, one-two step task[s with] only occasional contact with the public, coworkers, and supervisors" as accounting for moderate limitation in concentration, persistence and pace in light of opinions of two non-examining psychologists' opinions supporting the finding); Jacobs v. Comm'r of Soc. Sec., 520 F. App'x 948, 951 (11th Cir. 2013) (finding a limitation "to one to three step non-complex tasks" sufficiently accounted for moderate limitation in concentration, persistence, and pace); Washington v. Soc. Sec. Admin., Comm'r, 503 F. App'x 881, 883 (11th Cir. 2013) (finding a limitation "to performing only simple, routine repetitive tasks with up to three-step demands, and only occasional changes in the work setting, judgment, or decision making" was sufficient to account for moderate limitation in maintaining concentration, persistence, and pace); Scott v. Comm'r of Soc. Sec., 495 F. App'x 27, 29 (11th Cir. 2012) (distinguishing Winschel and finding that "the medical evidence demonstrated that [the claimant] could engage in simple, routine

tasks or unskilled work despite moderate limitations in concentration, persistence, and pace"); Jarrett v. Comm'r of Soc. Sec., 422 F. App'x 869, 871 (11th Cir. 2011) (unpublished) (finding that the limitations of simple tasks and only being able to concentrate for brief periods of time accounted for the claimant's moderate difficulties in concentration, persistence, and pace); see also, e.g., Davis v. Comm'r of Soc. Sec., 11 F. Supp. 3d 1154, 1159 (M.D. Fla. 2014) (recognizing Winschel's approval of limiting a hypothetical to unskilled work—despite moderate limitations in concentration, persistence, and pace—when the medical evidence supports it); Dawson v. Comm'r of Soc. Sec., No. 6:11-cv-1128-Orl-28, 2012 WL 1624267 (M.D. Fla. May 9, 2012) (unpublished) (collecting cases which recognize that the inclusion of limitations such as work involving simple tasks and/or simple instructions properly accounts for moderate limitations in concentration, persistence, and pace).

Here, the ALJ found that although Plaintiff had "moderate limitation[s]" in "concentration, persistence or pace," she was still "able to maintain attention and concentration sufficiently long enough for completion of simple, routine tasks commonly found in work settings." Tr. at 26. In support, the ALJ observed that "at multiple medical appointments, [Plaintiff] was able to relate information in a rational, coherent, and sequential fashion," and she was "repeatedly observed to be alert and oriented to person, place, and time." Tr. at 26. According to the ALJ, "[n]o significant issues were documented regarding her attention, concentration, or memory." Tr. at 26. In finding at step five that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed, Tr. at 35, the ALJ identified jobs that are all unskilled work

("Assembler, Small Products"; Warehouse Checker"; and "Inspector and Packer"), Tr. at 36 (Decision); Tr. at 69 (VE testimony). See SSR 00-4p, 2000 WL 1898704, at *3 (stating "unskilled work corresponds to a[ Specific Vocational Preparation ("SVP") level] of 1-2"); U.S. Dep't of Labor, Dictionary of Occupational Titles (DOT) (4th ed. 1991), § 706.684-022, 1991 WL 679050 (stating "Assembler, Small Products" has an SVP level of 2); § 222.687-010, 1991 WL 672130 (stating "Warehouse Checker" has an SVP level of 2); § 559.687-074, 1991 WL 683797 (stating "Inspector and Hand Packager" has an SVP level of 2).

Substantial evidence supports the ALJ's determination that Plaintiff could handle "simple, routine tasks" despite her moderate limitations in concentration, persistence, and pace. See, e.g., Tr. at 11 (progress note indicating Plaintiff was "alert and oriented x3" and had "normal" affect and speech); Tr. at 907, 924, 930, 932, 947 (progress notes indicating Plaintiff was alert and/or oriented); Tr. at 932 (progress note indicating Plaintiff had "[n]ormal judgment" and was only "[s]lightly anxious"); Tr. at 935, 937, 939, 941, 943, 945 (progress notes indicating Plaintiff had "[n]ormal judgment" and "[a]ppropriate mood [and] affect"); Tr. at 966 (progress note indicating Plaintiff was "grossly oriented with coherent speech and thought processing"). Moreover, as noted by Defendant, Plaintiff points to no evidence indicating that her moderate limitations in concentration, persistence, or pace would cause her to be off task more than 10% of the workday. The ALJ properly accounted for Plaintiff's moderate limitations in concentration, persistence, and pace by incorporating in the RFC the limitation of simple, routine tasks and finding that Plaintiff could perform unskilled work. See, e.g., Scott, 495 F. App'x at 29. Thus, the ALJ did not err in posing a

hypothetical to the VE that did not explicitly mention Plaintiff's moderate difficulties in concentration, persistence, or pace.

### V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on August 14, 2019.

*JAMES R. KLINDT*
United States Magistrate Judge

bhc
Copies to:
Counsel of Record